861 F.2d 729
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BROMLEY CONTRACTING CO., INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1223.
 United States Court of Appeals, Federal Circuit.
 Sept. 26, 1988.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 SKELTON, Senior Circuit Judge.
 
 Decision
 
 1
 Plaintiff, Bromley Contracting Company, Inc., appeals from the opinion and order of the United States Claims Court, 14 Cl.Ct. 69 (1987), in which the Court held that the plaintiff had failed to demonstrate that the adverse conclusion of the Department of Transportation Board of Contract Appeals (the board) was improper under Wunderlich Standards, and denied plaintiff's motion for summary judgment and granted that of the defendant, and dismissed the complaint and entered judgment for the defendant United States. Our review of the trial judge's opinion convinces us that he carefully and thoroughly analyzed the facts of record and meticulously made findings of fact in a 16 page opinion, and correctly applied the governing legal principles. Accordingly, we affirm the order in all respects.
 
 Opinion
 
 2
 The facts show that the United States Coast Guard awarded a contract to plaintiff, the lowest bidder, to repoint and waterproof various portions of the exterior masonry and to renew the windows of various buildings of the Coast Guard's facility at Governor's Island, New York. Disputes arose over the scope of the work contemplated and performed in and under the contract and over the payment due the plaintiff for such work. The plaintiff appealed the adverse decision of the contracting officer on these issues to the board. The board found entitlement on some of the claims and denied the rest, and remanded the matter to the parties to negotiate settlement. The parties were unable to settle the claims. The contracting officer made a final decision on quantum and plaintiff, not being satisfied, appealed to the board. The board handed down an opinion and the plaintiff appealed to the Claims Court under the provisions of the Wunderlich Act, all as stated by the trial judge in his opinion.
 
 
 3
 The various claims of the plaintiff included, among other things, claims for work done on "setbacks" in the buildings not shown in the drawings, "steam cleaning," "restoration" and "waterproofing" work, costs due to defective drawings, overhead costs, interest, work on windows, caulking, claims of settlement, and attorney fees. The case was tedious and involved a tremendous amount of detail. The trial judge carefully considered each of the claims and made appropriate and thorough findings with reference to them. He affirmed the decisions of the board and denied all of plaintiff's claims that had not already been approved.
 
 
 4
 We affirm on the basis of the Claims Court opinion.
 
 
 5
 We do not consider the question of attorney fees, as that issue is not before us.